COUNTY OF MADISON, APPELLEE, v. CITY OF NORFOLK
ET AL., APPELLEES, IMPLEADED WITH WRIGHT-
WAY WASH, INC., APPELLANT, DONALD H. REES
ET AL., INTERVENERS-APPELLEES.

255 N. W. 2d 54

Filed June 22, 1977. No. 41058.

Kirby, Duggan & McConnell, for appellant.

W. G. Whitford, for appellee County of Madison.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for interveners-appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This case originated as a suit by the County of Madison, Nebraska, to foreclose tax sale certificates. The first cause of action involved a half-acre tract of land owned of record by the defendant, Wright-Way Wash, Inc., which was alleged to be a dissolved corporation. Service upon the defendant was obtained by publication. The defendant made no appearance and a decree of foreclosure was entered on October 8, 1974. An order of sale was issued and the property was sold to Donald H. Rees and Joan M. Rees, the interveners. The sale was confirmed on December 6, 1974, and a sheriff's deed was executed and delivered to the interveners.

On April 2, 1976, the defendant, Wright-Way Wash,

Inc., filed a petition seeking to vacate the judgment under section 25-2001, R. R. S. 1943, on the theory the judgment had been obtained by fraud. Demurrers were sustained to this petition and an amended petition. The trial court dismissed the action and refused leave to file a second amended petition. The defendant has appealed and contends the trial court erred in sustaining the demurrer to the amended petition and in refusing leave to file a second amended petition.

Section 25-515, R. R. S. 1943, provides that service upon a dissolved corporation may be had by publication if the action is one in which service by publication is proper and if, after diligent investigation and inquiry, no assignee, trustee, receiver, or person having charge of the assets of the dissolved corporation can be found. The statute requires that before the publication of notice it be alleged in the petition or affidavit for service by publication that, after diligent investigation and inquiry, the assignee, trustee, receiver, or person having charge of the assets of the dissolved corporation cannot be found in the State of Nebraska, and that an order for service by publication be made in the action. An affidavit conforming to the requirements of the statute was filed and an order for service by publication was made before the notice was published. The defendant's contention, in substance, is that a diligent investigation and inquiry was not made and the allegations made in the affidavit were fradulent.

The defendant's amended petition to vacate the decree of foreclosure alleged the defendant was a domestic corporation; its registered agent was Gloria Luebbe who resided at 341 South Beemer Street in West Point, Nebraska; its articles of incorporation, together with its business address, were filed of record and with the Secretary of State; that no attempt was made to serve the corporation by service upon its registered agent or by leaving a

copy of a summons at the last usual place of business of the defendant; "that said plaintiff did in no way make an attempt to determine the whereabouts of the registered agent of the corporation or its receivers or trustees"; that the affidavit upon which service for publication was obtained was false and fraudulent; and the order for service by publication and the judgment were procured by fraud. The defendant prayed that the decree be vacated and the defendant be allowed to redeem.

The second amended petition tendered by the defendant further alleged that the defendant had a meritorious defense to the petition and that the property had been sold for less than its market value.

The defendant did not allege that it was not a dissolved corporation and did not allege that there was an assignee, trustee, receiver, or person having charge of the assets of the dissolved corporation, or where such a person could be found. This was important because section 25-515, R. R. S. 1943, is a special statute relating to dissolved corporations and provides that service shall be made by delivering a copy of the process to the assignee, trustee, receiver, or person having charge of the assets, or by leaving a copy at the residence of such person. If no assignee, trustee, receiver, or person having charge of the assets can be found, service can be made by leaving a copy at the last usual place of business or office of the corporation or service can be made by publication if the action is one in which service by publication is proper.

If no assignee, trustee, receiver, or other person having charge of the assets can be found, service may be made by publication without first attempting to make service by leaving a copy at the last usual place of business or office of the corporation. There is no requirement in the statute that service be attempted at the last usual place of business or office of the corporation before making service by publication.

Because the defendant did not deny that it was a dissolved corporation or allege that diligent investigation and inquiry would have located an assignee, trustee, receiver, or other person having charge of the assets of the defendant, the amended petition was subject to demurrer.

The second amended petition added nothing of importance to the allegations of the amended petition. The defendant was asking to redeem and the bare assertion that a meritorious defense existed was of no consequence here. The fact that the property may have been sold for less than its value would not afford any ground for redemption after confirmation if the proceedings were otherwise valid.

The judgment of the District Court is affirmed.

AFFIRMED.